IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ROBERT E. SCOTT, JR.                                                                    PLAINTIFF

vs.                                       Civil No. 1:12-cv-01006

CAROLYN W. COLVIN                                                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Robert E. Scott, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed his DIB and SSI applications on August 3, 2010.  (Tr. 13, 113-123).  In his applications, Plaintiff claims to be disabled due to degenerative disc disease, severe back pain, leg numbness, two heart attacks, angina, cyclothymia, anxiety attacks, ADHD, depression, kidney stones, and a mild stroke.  (Tr. 135).  Plaintiff alleges an onset date of September 1, 2005.  (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

13, 113, 120). These applications were denied initially and again upon reconsideration. (Tr. 50-53).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 69-85). Plaintiff's administrative hearing was held on July 5, 2011 in El Dorado, Arkansas. (Tr. 29-49). Plaintiff was present and was represented by Denver Thornton at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dwight Turner testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 31-32). As for his level of education, Plaintiff testified he had completed high school and obtained his CDL license. (Tr. 32).

On November 15, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-23). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since his alleged onset date of September 1, 2005. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, coronary artery disease (CAD) with status post myocardial infarction; degenerative changes of the lower thoracic and lumbar spine; obesity; mood disorder; and a cyclothymic disorder. (Tr. 15-16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 17-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), reduced by the ability to perform work where interpersonal contact is incidental to the work performed; where complexity of tasks is learned and performed by rote, with few variables and little judgment; and where the supervision required is simple, direct and concrete.

*Id.* Pursuant to 20 C.F.R. § 404.1567(b) (DIB) and 20 C.F.R. § 416.967(b) (SSI), "light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

*See* 20 C.F.R. § 404.1567(b) (2012), 20 C.F.R. § 416.967(b) (2010).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 21, Finding 6). Based upon the VE's testimony at the administrative hearing in this matter, the ALJ determined Plaintiff's PRW was performed "at the medium exertional level, or higher." (Tr. 21). Because the ALJ determined Plaintiff only retained the RFC for light work, the ALJ found Plaintiff was precluded from performing any of his PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23). The VE testified at the administrative hearing regarding this issue. (Tr. 22-23, 45-49). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as machine tender or light bulb assembler with 90,000 such jobs in Arkansas and

1,000,000 such jobs in the nation and plumbing hardware assembler with 200,000 such jobs in Arkansas and 1,000,000 such jobs in the nation. (Tr. 22). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not be under a disability as defined in the Act from September 1, 2005 through the date of the ALJ's decision or through November 15, 2011. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7-8). On January 25, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 3, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 7, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7,9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ did not appreciate the nature and extent of his impairments; (2) the ALJ did not consider his impairments in combination; (3) the ALJ performed an inadequate *Polaski* evaluation; (4) the ALJ improperly determined he retained the RFC for light work with modification; and (5) the ALJ provided an improper hypothetical to the VE. ECF No. 7.  Because this Court agrees with Plaintiff's third argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted his subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.   *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with *Polaski* and did not give sufficient reasons for discounting Plaintiff's subjective complaints. (Tr. 17-21). In his opinion, the ALJ properly stated the *Polaski* factors and provided a concise summary of Plaintiff's subjective complaints. *Id.* However, upon review of the ALJ's analysis, the ALJ actually only discounted Plaintiff's subjective complaints because they were not supported by his medical records. *Id.* Indeed, the ALJ provided no meaningful consideration of any of the *Polaski* factors and instead stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent they are consistent with the medical evidence and the residual functional capacity set forth above, in finding number 5.

(Tr. 19). The ALJ's failure to actually consider the *Polaski* factors, failure to provide any inconsistencies between Plaintiff's subjective complaints and the record, and his reliance on

Plaintiff's medical records alone was in error. *See Polaski,* 739 F.2d at 1322. Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of February 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.